The Chancellor.
The attaching creditors insist, that by the deed from Shipman and wife, the mortgagors, to Brooks, the’ second mortgagee, Brooks became the owner of the property, subject only to the Longstreet mortgage; and that they have become entitled to this interest of Brooks, under the attachment. The defendants Pierce and Thorn insist, that the deed from Shipman and wife to Brooks, was made without the knowledge or consent of Brooks, and was never accepted by him; and that therefore, the bond and mortgage to Brooks remained uni-extinguished, and were valid securities when assigned to them,, and are still valid securities in their hands.
*45 The opposing defendants admit, that the bond and mortgage from Shipman and wife to Brooks, were bona fide; and as between them, the question presented is, whether under the testimony in the cause, the proceeds of this property, after paying the first mortgage, shall go to the attaching creditors only of Brooks, or to Pierce and Thorn in trust for all his creditors equally.
If the deed from Shipman and wife to Brooks was a business transaction between them; if Brooks really bought the property and agreed to take it in payment of the bond which -the mortgage on it was given to secure; then the bond and mortgage were extinguished, and Brooks became the owner of the properly, subject to the first mortgage; and this interest would be bound by the attachment, and the attaching creditors would take the proceeds of the property, subject to complainant’s mortgage. But, under the evidence in the cause, I am satisfied that the deed from Shipman to Brooks was not made on a sale of the property. The making of that deed and causing it to be recorded, was an arrangement by Shipman, for purposes of his own. And if Brooks never assented to it, it would be no extinguishment of his bond and mortgage: he might assign his bond and mortgage notwithstanding. lie swears he never did assent to it. So far, then, as this property may be worth more than the first mortgage, and what is due, if any thing, on the second mortgage, the creditors of Shipman are entitled to the benefit of it.
But if the deed from Shipman and wife to Brooks, should be considered as extinguishing his bond and mortgage, so that they could not afterwards be assigned, and as vesting the title of these premises in Brooks, yet the attaching creditors are in no better situation; for I he assignment by Brooks to Pierce and Thorn, was made in March, 1842, previous to the issuing of the attachment, and was an assignment of all his estate, real and personal.
In reference, therefore, to the matter in controversy between the particular creditors of Brooks, who have joined in the attachment issued in New-Jersey, and Brooks’s assignees in trust for all his creditors, the investigation of the case conducts us to .a result which, even if it were at all doubtful, would still yield *46 the satisfaction of being agreeable to the doctrine of this court, that among creditors, equality is equity. The attaching creditors are still left, in reference to all that can be obtained from these premises for the benefit of Brooks’s creditors, on an equal footing with all the other creditors of Brooks.
It is the opinion ,of the court, therefore, that the said attachment is no lien on the mortgaged premises. A reference will ,be ordered, to ascertain the amount due the complainant on his mortgage, and the amount due on the mortgage given by Ship-man and wife to Brooks, and by him assigned to Pierce and Thorn; and a sale will be decreed, and so much of the proceeds as will be necessary, will be applied to the payment of the sums found due on the mortgages, and thei-esidue will be directed to be paid to the assignee in bankruptcy of Charles T. Shipman.
.Order accordingly.